IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. Terrie Sizemore RN, DVM,

        Plaintiff,

v.

Heather Lynn Hissom, et al.,

        Defendants.

Case No. 2:12-cv-1166

Judge Graham

Magistrate Judge Abel

OPINION AND ORDER

This matter is before the Court on three post-judgment motions filed by plaintiff Dr. Terrie Sizemore RN, DVM. Plaintiff seeks reconsideration of the Court's dismissal of her claims against all defendants (doc. 37), an extension of time in which to file an appeal (doc. 41), and a stay of a state-court order (doc. 43). For the reasons stated below, each motion is denied.

**I.     Motion to stay an order of the Ashland County, Ohio Court of Common Pleas**

Plaintiff has moved the Court for "a stay of the terms of the Judgment Entry of Judge Thomas J. Pokorny of May 17, 2013 pending appeal."[1] Doc. 43 at 3. In the May 17, 2013 order, it appears that Judge Pokorny overruled a motion to dismiss filed by plaintiff in unrelated litigation. See doc. 38-1 at 5. Plaintiff also appears to seek relief from "the decision by Judge Pokorny to label her a vexatious litigator . . . ." Doc. 43 at 3. This Court may not stay or otherwise grant plaintiff relief from either order. "The Rooker-Feldman doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to

---

[1] Prior to plaintiff's motion related to state-court orders, defendants submitted each of these orders to the Court and asserted that "[t]his Court may take judicial notice of the proceedings in other courts of record, including state courts." Doc. 38 at 1 (citing Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980)). This Court *may* do so, but these state-court orders are wholly unrelated to this case and defendants have offered no indication of why they are relevant.

1

review such claims in the Supreme Court." Berry v. Schmitt, 688 F.3d 290, 289 (6th Cir. 2012) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 544 U.S. 280, 291 (2005)).  Similarly, pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Here, the state-court orders from which plaintiff seeks relief have no effect on this Court's jurisdiction or judgments.

## II. Motion to Reconsider

While the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration of a final judgment, such motions are commonly treated as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. Hood v. Hood, 59 F.3d 40, 43 n.1 (6th Cir. 1995).  Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment," Fed. R. Civ. Pro. 59(e), while Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons.  Motions under Rule 59(e) or 60(b) are not intended to be utilized to re-litigate issues previously considered.  It is clear that plaintiff's motion for reconsideration seeks to alter or amend this Court's judgement, so the Court will evaluate the motion under Rule 59(e).

A motion for reconsideration of a final order is granted only in limited circumstances. Generally, there are four situations that would justify a court in reconsidering one of its final judgments or orders: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice.

See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Several of plaintiff's arguments in support of her motion for reconsideration are attempts to re-argue the merits of the motion to dismiss already considered and granted by the Court. In dismissing plaintiff's claims against all defendants, the Court held, inter alia, that several claims were unsupported by plaintiff's factual allegations. See doc. 33. In her motion for reconsideration, plaintiff argues that she "has pled sufficiently pursuant to the Federal Rules of Civil Procedure. In addition, Plaintiff has pled facts pertaining to the allegation of fraud. Plaintiff has pled sufficient facts that these Defendants acted outside the scope of their employment. At no time has any Defendant pled argument that entitles them to have this Federal action dismissed." Doc. 37 at 1. In a prior order this Court carefully considered plaintiff's complaint and held that it does not support a claim on which relief may be granted.

Though ordinarily Courts may not simply revisit legal arguments already considered, plaintiff argues that the Court should do so here in order to prevent a manifest injustice. She argues that justice requires that she be allowed to proceed with discovery and present her claims to a jury. Doc. 37 at 4. She argues that dismissal of her claims prior to discovery creates a manifest injustice because "the obstruction to her discovery/disclosure shuts the door to her being permitted her 'due diligence' to obtain the facts that 'seal the deal' so to speak regarding her allegations against these Defendants." Doc. 37 at 4. However, discovery allows a plaintiff the opportunity to obtain evidence that may support or undercut her claims. Here, the Court has held that even if discovery resulted in evidence supporting all of her allegations, she would still not be entitled to the relief she claims. Doc. 33 at 6-8. In such a situation, the plaintiff has no right to proceed with discovery and her claims are properly dismissed. Plaintiff's claim that the dismissal of her claims will result in a manifest

3

injustice is based solely on her belief, contrary to the Court's prior order, that she is entitled to relief under state and federal law.

### III.     Motion for Extension of Time to Appeal

Finally, plaintiff requests an extension of the time in which she may appeal this Court's order of May 2, 2013, dismissing her claims. This request is based on her apparent belief that the 30-day period in which she may file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) began to run when this Court granted defendants' motions to dismiss on May 2, 2013. This is not the case because the court has treated her motion for reconsideration as a motion under Rule 59(e), which suspends the running of the time for the filing of a notice of appeal. See Fed. R. App. Pro. 4(a)(4).

Finally, both plaintiff and defendants appear to be under a misconception that Judge Pokorny's order declaring plaintiff to be a vexatious litigator in some way limits the extent to which she may appear as a pro se litigant in this United States Court. In that order, Judge Pokorny of the Ashland County Court of Claims orders that "PLAINTIFF TERRIE SIZEMORE IS ADVISED THAT SHE MAY NOT FILE OR PURSUE ANY CLAIM IN ANY OHIO TRIAL COURT WITHOUT THIS JUDGE'S EXPRESS PERMISSION." Doc. 38-1 at 4. Judge Pokorny's order requiring his express permission to proceed in any Ohio trial court is inapplicable to the federal courts of the United States.

### IV.     Conclusion

Based on the foregoing reasons, plaintiff's motion to stay an order of the Ashland County Court of Common Pleas (doc. 43) is DENIED; plaintiff's motion to reconsider (doc. 37) is DENIED; and plaintiff's motion for extension of time to appeal (doc. 41) is DENIED as moot.

IT IS SO ORDERED.

                                                  S/ James L  Graham
                                                  James L. Graham
                                                  UNITED STATES DISTRICT JUDGE

Date: June 20, 2013