FILED
JOHN P. HEHMAN
CLERK

2014 JAN -8 PH 1: 14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT, OHIO
## EASTERN DIVISION

Dr. Terrie Sizemore RN DVM     :
                           :

      Plaintiff            :    Case no: 2:12-cv-01166

                           :

   v.                        :

                           :    Judge: James L. Graham

Heather Lynn Hissom    et al    :

                           : Magistrate: Judge Mark R. Abel

      Defendants          :

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)

Now comes the Plaintiff, Terrie Sizemore, pursuant to the Federal Rules of Civil Procedure 60(b), and files this Motion for Relief from Judgment. Plaintiff sets forth reasons and legal basis for relief pursuant to Civ. R. 60(b). She is filing for relief within the one-year time frame permitted by the rule. Opposing parties' taking advantage of ignorance of Plaintiff, Terrie Sizemore, may appear amusing, however, Terrie Sizemore contends she considers their conduct unbecoming to State employees who receive tax dollars and are expected to not only BE honest and fair, but APPEAR honest and fair as well as many Defendant parties as well as their attorneys are required to conform to the Attorney Code of Professional

Conduct and conduct themselves as officers of the Court with their first duty to be to the administration of justice and may only represent their clients within the bounds of the law.

As a general matter, the district court is the proper forum in which to bring Rule 60(b) motions for relief from the Court's own judgments, *Weisman v. Charles E. Smith Mngmt .*, 829 F.2d 511, 513 (4th Circ. 1987.) 60(b) affords a party a means of obtaining substantial relief from a 'final judgment, order, or proceeding,' citing *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82(1922). The court now has power 'to vacate judgments whenever such action is appropriate to accomplish justice. Id. thus, as presently interpreted, Rule 60(b) contains the substance of the older remedies while simplifying the procedure for obtaining such relief, citing *Southern Fireproofing Co. v. R.F. Ball Construction Co.* 334 F.2d 122 (8th Circ. 1964).

The plain language of Fed. R. Civ. P. 60(b) states: Grounds for relief from a final judgment, order, or proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with due diligence, could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud, misrepresentation, or misconduct by opposing party, (4) the judgment is void, (5)… (6) any other reason that justifies relief.  60(c)(1) sets forth the timing –A motion under Rule 60(b) must be made …no more than one year after the entry of the judgment or order… 60(d)(1)and (3) enumerate other powers of the Court to grant relief.

60(b) creates tension between justice and finality. To address this tension, the Supreme Court has imposed the nontextual requirement that a movant present 'extraordinary circumstances' justifying relief. "The Court's interpretation of amended Rule 60(b) of the Fed. R. of Civ. P neutralizes the human spirit of the Rule and thereby frustrates its purpose. The Rule empowers courts to set aside judgments under five traditional, specified types of circumstances in which it would be inequitable to permit a judgment to stand. But the draftsmen of the Rule did not intend that these specified grounds should prevent the granting of similar relief in other situations where fairness might require it. Accordingly, there was added a broad sixth ground: 'any other reason justifying relief from the operation of the judgment,' Citing *Classic Concepts, Inc. v. Linen Source, Inc.*, F.3d  No. 07-56870, 2013 WL 2350148 (9th Circ. May 30, 2013).

Plaintiff asserts FRCP 60(b) provides relief from a court judgment and orders even when the 'errors' in them are substantive, that is, even when the

judgment or order accurately reflects what the court intended to decide.

60(b) allows the court to set aside its intended judgments and orders when

the moving party shows 1 or more of the grounds for relief specified in the

rule. 60(b) is pertinent when the need for truth outweighs the value of

finality in civil litiagation.

Plaintiff will enumerate her legal and reasons she is entitled to relief

as follows:

GROUND (1)- mistake. Plaintiff contends this Court made a mistake in dismissing

Plaintiff's action on the basis of her being required to first seek immunity

determination in the Court of Claims. She has pled exhaustive legal argument 42

USC 1983 Complaints are not within the jurisdiction of the Court of Claims. The

Supreme Court of the United States ruling in *Kalb Et Ux. v. Feurstein Et Ux.,* 308

U.S. 433, states: 'It is generally true that a judgment by a court of competent

jurisdiction bears a presumption of regularity and is not thereafter subject to

collateral attack.' All argument on the record repeats here.

The Court erred in dismissing pursuant to Rule 12(b)(1)and (6). Plaintiff pled

pursuant to Rule 8. *Lynch v. Household Finance Corp.,* 405 U.S. 538 states: 12(b)

(1), jurisdiction is invoked because of 28 USC 1333 (3) which provides that

Federal Courts have jurisdiction over constitutional claims under 1983, whether the

plaintiff is seeking to protect personal liberties or property interests. *Ruff-El v.*

*Nicholas Fin. Inc.*, 2012 U.S. Dist. LEXIS 9210.\ states: a motion to dismiss under Fed. R. Civ. P. 12(b)(6) should not be granted if the complaint contains 'enough facts to state a claim to relief that is plausible on its face and HN 4 states 'Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of a claim showing that the pleader is entitled to relief, in order to give a defendant fair notice of what the claim is and the grounds upon which it rests.'

Also, mistake has been made by awarding immunity to parties who have not demonstrated they are entitled to immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, states at HN 9: 'The burden of justifying absolute immunity rests on the official asserting the claim.' *Hamilton v. Leavy.* 322 F.3d 776, at HN 9-11 confirms the requirements of the District courts to conclude immunity. *Hafer v. Milo*, 502 U.S. 21, the Supreme Court stated at [HN9] Congress enacted 42 U.S.C.S. § 1983 to enforce provisions of the U.S. Const. amend XIV against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it.' *Butz v Economou*, et al, 438 U.S. 478, at (3)states immunity only applies under certain conditions and must be evaluated '-*whether sufficient safeguards exist in the regulatory scheme to control unconstitutional conduct*.' Also, *Butz*, at HN 1, 2, 6 and 9 are relevant here. *Scheuer v. Rhodes*, 416 U.S. 232, at HN's 6, 7 and 10-13 also confirm no immunity is available for any Defendants-including Defendant Myers.

*Anderson v. Cryovac*, 862 F.2d 910 'There is every reason to treat the district court's Fed. R. Civ. P. 49 findings of fact in the same manner as findings of fact made after a bench trial, reviewable under the "clearly erroneous" standard of Fed. R. Civ. P. 52(a).....Fed. R. Civ. P. 49(a) gives the district court the authority to make a finding on the omitted question of fact; it does not give it the right to substitute its judgment for that of the jury on a question....Failure to disclose or produce materials requested in discovery can constitute "misconduct" within the purview of Fed. R. Civ. P. 60(b)(3). "Misconduct" does not demand proof of nefarious intent or purpose as a prerequisite to redress. For the term to have meaning in the rule 60(b)(3) context, it must differ from both "fraud" and "misrepresentation." Definition of this difference requires the court to take an expansive view of "misconduct." The term can cover even accidental omissions, elsewise it would be pleonastic, because "fraud" and "misrepresentation" would likely subsume it... excusable neglect and assertion of deprivation of due process is justifiable on the Plaintiff's part due to the Court not permitting or compelling discovery granted by Magistrate Abel.

**Also under (1),** excusable neglect-Plaintiff must demonstrate her neglect is excusable and not her own carelessness, citing *Petition of Pui Lan Yee*, 20 F.R.D. 399 (N.D. Cal. 1957), *Kahle v. Amtorg Trading Corp.* 13 F.D.R. 107

(D.N.J. 1952) and *Standard Newspaper Inc., v. King* 375 F.2d 115 (2nd Circ. 1967). When Terrie Sizemore was forced to a bench trial in the Ashland County Court of Common Pleas where she attempted to and was denied due process to defend herself against false allegations she was/is vexatious, State Defendants in this Federal action participated in harming Terrie Sizemore. The Judgment made against her on May 17, 2013 was vague and ambiguous and ORDERED Terrie Sizemore to not take any further action in any Court in Ohio. The ORDER did not clarify that the State Judge did not have jurisdiction over a Federal action. This confused Plaintiff because the Federal actions she filed were wrongfully utilized by the opposing attorney in making the false allegations against her. This confusion led Terrie Sizemore to be frightened to continue to an appeal to the Sixth Circuit Court of Appeals-something utilized wrongly and for wrong motives by counsel for the Defendants here as well as parties in Ashland and Medina. This constitutes excusable neglect and very extraordinary circumstances by Terrie Sizemore justifying her 60(b) request for relief.

Also, Terrie Sizemore's fears are/were justified because she was sentenced to three days in jail for contempt for filing 3 60(B) motions for relief of judgments in the Ashland Court which she contends she was entitled to file by law because ORC 2323.52 clearly states that a claim for

vexatious litigator will include ALL the civil rules and 60(B) is a rule. In addition, the presence of a State witness at the May 10, 2013 bench trial and refusal of Mr. Cole to respond to the subpoena for testimony and documents further deprived Federal rights and frightened Terrie Sizemore that any further pursuit of an appeal in this matter could cause her to be sentenced to jail and/or fined. It is obvious by internet information that the Defendants in this action will not cease attacking innocent veterinarians, a fact Plaintiff has the right to present to a jury.

Also, Terrie Sizemore, petitioned the Ashland Court Judge to clarify if hedid or did not have jurisdiction over Federal cases and/or Actions for Discovery-both which do not come within the vexatious litigator statute. The State Court Judge did not respond to her. This constitutes excusable neglect.

Also, Terrie Sizemore has never demonstrated neglect when it came to an appeal-she has even appealed to the United States Supreme Court as well as the Supreme Court of Ohio in related matters. She would only have not appealed the original dismissal because of fear of retaliation.

Also regarding excusable neglect, Plaintiff was required to relocate for an undetermined time out of Ohio for family medical issues, has been confronted with employment challenges-employment impeded by these Court issues-resulting in lower wages as a registered nurse, she was required

to research extensively to file an Appellant Brief in another Federal appeal-being pro se-a great challenge since she has never done so, and more.

**GROUND 2**-newly discovered evidence: Plaintiff contends Defendant AAG Barry McKew presented perjured testimony at her May 10, 2013 Hearing in the State Court in Ashland to falsely find her vexatious. This and AAG attorney Mr. Cole's alleged communication with –constituting conspiracy-other parties in other actions and his refusal to comply with a legal subpoena for documents and testimony constitute newly discovered information not within Plaintiff's ability to obtain prior. Plaintiff realizes she bears the burden of showing that the evidence could not have been discovered by due diligence in time to move for a new trial under Rule 59(b). See *Flett v. W.A. Alexander & Co.*, 302 F.2d 321 (7th Circ.) and she has the facts and documents to support her facts pled here. This would constitute extraordinary circumstances permitting relief also. All evidence was in existence at the time of trial but Plaintiff was prevented from obtaining it and is/was excusably ignorant- *Brown v. Penn, R.R.*, 282 F.2d 522 (3rd Circ. 1960.) and the evidence must be of a material nature and so controlling as probably to induce a different result. *Giodano v. McCartney*, 385 F.2d 154 (3rd Circ. 1967.) The evidence withheld and the evidence subsequently obtained is material to Plaintiff's action.

In addition, Plaintiff has discovered witnesses who will testify Columbus attorney John Fiocca degraded Plaintiff heinously to a Franklin County Court of Common Pleas Judge. Plaintiff is a competent and qualified veterinarian-a fact confirmed by the OVMLB, however, she was disparaged for false conclusions in the Ashland Court partially based on perjured testimony of Defendant AAG Barry McKew and conduct by AAG William Cole. This is tangible damage.

The existence of misconduct in the Fed. R. Civ. P. **60(b)(3)** sense does not depend upon a demonstration of nefarious intent or purpose, the actor's intent is not immaterial. Nondisclosure comes in different shapes and sizes: it may be accidental or inadvertent, or considerably more blameworthy.... In the case of intentional misconduct, as where concealment was knowing and purposeful, it seems fair to presume that the suppressed evidence would have damaged the non-disclosing party. It seems equally logical that where discovery material is deliberately suppressed, its absence can be presumed to have inhibited the unearthing of further admissible evidence adverse to the withholder, that is, to have substantially interfered with the aggrieved party's trial preparation....Fed. R. Civ. P. 26(e)(2)(B) states that a party is under a duty seasonably to amend a prior response if the party obtains information upon the basis of which the party knows that the response though correct

when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.' Mr. Cole and Mr. Kessler refused discovery/disclosure to conceal material facts that benefit this Plaintiff.

**GROUND 3**- fraud. Plaintiff asserts fraud is the basis for her entire litigation in the District Court. Legal references also go on to state 60(b) is pertinent when the need for truth outweighs the value of finality in civil litiagation. Fraud substantially compromises the fairness of first and previous trials as well as failure to comply with discovery and perjured testimony are species of fraud and allow for the grant of relief. *Metlyn Realty Corp, v. Esmark Inc*, 76 F.2d 826, stating: 'The decision of a district court declining to reopen a judgment under Fed. R. Civ. P. 60(b) may be reviewed "only for abuse of discretion." To find an "abuse of discretion" the court must conclude that no reasonable man could agree with the district court,' and 'Fed. R. Civ. P. 60(b)(3) allows the court to relieve a party from a final judgment on account of fraud, whether heretofore deemed intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party provided the motion is filed within a year after entry of the judgment. An adverse party's fraud or subornation of perjury permits relatively free reopening of the judgment when the perjury goes to the heart of the issue.....

Unless the false testimony can be traced to the adverse party, the case must be decided under the residual category of Fed. R. Civ. P. 60(b)(6), which permits review only when the violation created a substantial danger of an unjust result. It must be unmistakable that a new proceeding would come much closer to the truth.' This entire action is based upon fraud as well as deprivation of discovery/disclosure would constitute abuse of discretion by this District Court-permitting relief per 60(b) and default judgment. Plaintiff has proven fraud and provided sufficient evidence of fraud. Fraud has been such a nature to have prevented the Plaintiff from presenting the merits of her case, *Assmann v. Fleming*, 159 F.2d 332 (8th Circ. 1947) and *U.S. v. Rexach,* 41 F.R.D. 180 (D.P.R. 1966)

Also related to 3- misconduct of an adverse party- constitutes fraud and it is safe to assume that if the fraud is derivatively attributable to one of the parties- as for example, fraud by an attorney- is within Rule 60(b)(3), citing *Dowdy v. Hawfield*, 189 F.2d 637 (D.C. Cir.) (1951)

Also regarding Federal 60(b), *Ty Inc. v. Softbellies Inc.* 353 F.3d 528 states: 'Fed. R. Civ. P. 26(a)(2)(C) requires disclosure of experts to the opposing party no later than 90 days before trial…. Misconduct triggers the rule too. Witness tampering is often described as a form of fraud, and it is certainly very serious, indeed criminal, misconduct, and for relief under Fed. R. Civ.

P. 60(b)(3) the victim of the fraud or other misconduct need show only that it affected his ability to present his case, not that he would have won had the fraud or misconduct not occurred.' Plaintiff contends Mr. Cole and Mr. Kessler concealed material facts that would confirm all allegations made by Plaintiff and this constitutes witness tampering and this permits her relief. Plaintiff asserts 'fraud' is the intentional perversion of the truth for the purpose of inducing another and reliance upon it…It is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of the truth, citing *In re Vitanovich*, 259 B.R. 873, 2001 FED App. 2P (B.A.P. 6th Circ. 2001.) Bad faith is a species of fraud, see *First Discount Corp. v. Daken*, 75 Ohio App. 33, 30 Ohio Op. 319, 42 Ohio L. Abs. 528, 60 N.E.2d 711 (1st Dist. Hamilton County 19944) )  and was stated by a court of appeals to be the essence of fraudulent transactions. Plaintiff asserts the Courts and all Defendants listed are aware of these definitions and these have been pled to this Court in Plaintiff's briefs in opposition to dismiss on record which repeat here.

Fraud in its general sense, is deemed to comprise anything calculated to deceive, including all acts, omissions, and concealments involving a breach of legal duty, trust, or confidence justly reposed, resulting in damage to another, see

*New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 292 S.W.2d 749, 59 A.L.R.2d 1086(1956) (the hallmarks of fraud are misrepresentation or deceit, citing *Ed Peters Jewelry Co. Inc., v. C & J Jewelry Co. Inc.*, 215 F.3d 182 (1st Cir. 2000.) or by which an undue an unconscientious advantage is taken of another, see *New York Life Ins. Co. v. Nashville Trust Co.* 200 Tenn. 513, S.W.2d 749, 59 A.L.R.2d. Definitions of fraud include: a/. all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated, see *In re Young*, 120 B.R. 429 (Bankr. S.D. Ohio 1990); *McClellen v. Cantrell*, 217 F.3d 890, 42 U.C.C. Rep. Serv. 2d 284 (7th Cir. 2000); b./ an act or omission, or concealment in breach of legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage, see *Hanes v. Giambrone,*, 14 Ohio App. 3d. 400, 471 N.E.2d 801 (2d Dist. Montgomery County 1984); c/. deceitful practices in depriving or endeavoring to deprive another of his or her known right by means of some artful device or plan contrary to the rules of common honesty, see *Nichoalds v. McGlothlin*, 330 F.2d 454 (10th Cir. 1964); *Hall v. Geiger-Jones Co.* 242 U.S. 539, 37 S. Ct. 217, 61 L. Ed. 480 (1917); d/.a deception deliberately practiced with a view to gaining an unlawful or unfair advantage, see *Eliason v. Wilborn*, 335 Ill. 352, deceitful practices in depriving or endeavoring to deprive another of his or her known right by means of some artful device or plan contrary to the rules of common honesty, see *Nichoalds v.*

*McGlothlin*, 330 F.2d 454 (10th Cir. 1964); *Hall v. Geiger-Jones Co.* 242 U.S. 539, 37 S. Ct. 217, 61 L. Ed. 480(1917); e/ a deception deliberately practiced with a view to gaining an unlawful or unfair advantage, see *Eliason v. Wilborn*, 335 Ill. 352, a deceit, trick, or other artifice by which the right or interest of another is injured, see *Eliason v. Wilborn*, above and *Puller Mortg. Associates, Inc. v. Keegan*, 829 F. Supp. 1507 (S.D. Ind. 1993); f/ a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause loss or inconvenience to the other, see *Ballard's Inc. v. North American Land Development Corp.*, 677 So. 2d 648 (La. Ct. App. 2d Cir. 1996); and g/ unfair dealing, see *Daniel v. Post*, 181 S.C., 468, 187 S.E. 915 (1936)..

*Bell v. City of Milwaukee*, 746 F.2d 1205, HN 2 states:

'In Wisconsin, a state court judgment has no binding effect in subsequent litigation where the plaintiff proposes to rely on evidence that he or she was unable or failed to present in the first action on account of the defendant's fraud or concealment.' HN 12 confirms 42 USC 1983 ....provides remedy for the deprivation of constitutional and federal rights.'

**GROUND 4**-relief from a void judgment- a judgment is either void or valid. Having resolved the issue, the court must act accordingly. –where the court acted in a manner inconsistent with due process of law- a void judgment can never acquire validity through laches, *Crosby v. Bradstreet Co.* 312 F.2d 483 (2nd Circ.) where the court vacated a judgment as **void 30 years** after entry. –*Marquette Corp. v. Preister*, 234 F. Supp. 799 (E.D.S.C. 1964)

confirms the court expressly held that clause Rule 60(b)(4) carries no real time limit. Plaintiff pled above in GROUND (1) all reasons for error in the judgment.

**GROUND 6-** contains the residual clause-giving the court ample power to vacate a judgment whenever such action is appropriate to accomplish justice, *Pierre v. Bemuth, Lembeke Co.,* 20 F.R.D. 116 (S.D.N.Y. 1956)

*Liljeberg v. Health Aervs. Acquisitions Corp.* 486 U.S. 847, confirms we must continually bear in mind that to "perform its high function in the best way, 'justice must satisfy the appearance of justice.'" The Supreme Court of the United States confirms in *Liljeberg* '....was entited to have its motion to disqualify the district judge granted because even if the judge was not conscious of the circumstances creating the appearance of impropriety, a reasonable person knowing the relevant facts, would have expected that judge to have been aware of the circumstances.' 'Scienter is not an element of a violation of the Judicial Code, 28 U.S.C.S. § 455(a). The judge's lack of knowledge of a disqualifying circumstance may bear on the question of remedy, but it does not eliminate the risk that his impartiality might reasonably be questioned by other persons. Under the Judicial Code, 28 U.S.C.S. § 455(a), recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a

reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.' Judge Graham was required to have knowledge of the facts and permit discovery. No reasonable person would come to the conclusion the Defendant parties have 'done no wrong,' that any party was entitled to immunity, that deprivation of Constitutional rights required immunity determination in the Court of Claims, and that the merits listed in the action were/are irrelevant when clearly the facts and evidence and laws would lead any reasonable party to a different conclusion.

*Welch v. Paicos*, 66 F. Supp.2d 138 at HN 6, 8, 9, and 13 confirm Plaintiff's rights in this Federal action.

ORC 2905.11 sets for the definition for 'Extortion.' Plaintiff contends when the Defendants demanded money damages on false charges made against her constituted extortion. ORC 2905.12 sets for the definition for 'Coercion.' When pertinent Defendants attempted to force Plaintiff to what she contended was an illegal settlement agreement, this constituted coercion and duress.
Law provides for default judgment when opposing parties decline disclosure requested and ordered by the Court. This District Court did not protect Plaintiff's interests equally as the government parties.

*Flynn v. Masonry*, 233 F.R.D. 176 states: '[HN2] While modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party.'

*U.S. v. Varelli et al*, 407 F.2d 735 at HN 1 and 2 confirm the elements of conspiracy pled by Plaintiff. Also, *Hampton v. Hahnrahan*, 600 F.2d 600 at HN 4, 5, 8, 15, and 20 also confirm conspiracy pled by the Plaintiff.

*Cypress Insur. Co v. Clark*, 144 F.3d 1435 at HN 1 and 3 establish the due process claim made by Plaintiff pled sufficiently.

*Martin v. Sizemore*, 78 S.W.3d 249 confirms at HN 1, 3, and 4 Plaintiff's Due process rights.

*Park v. City of Atlanta*, 120 F.3d 1157 at HN 2 justifies 42 USC 1986 allegations.

*Foman v. Davis*, 371 U.S. 178 confirms at [HN4] 'The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' The merits of all Plaintiff's actions in this District Court or all other Courts Plaintiff has filed in have been outstanding and ignored.

*Haines v. Kerner et al.* 404 U.S. 519 (1972), stating the petitioner sought review of a dismissal of his action contending the 'court erred in dismissing his

complaint without allowing him to present evidence on his claims.' The U.S.

Supreme Court reversed the lower court's decision and remanded the case.

## CONCLUSION

*Sayyah v. Brown County Bd. of Comm'rs,* 2005 U.S. Dist. LEXIS 15225

states "When plaintiffs are proceeding pro se, the court must liberally construe

their allegations in their favor. A pro se complaint is held to an especially liberal

standard…" Plaintiff is not requesting 'special' treatment, just fair treatment

The nucleus of facts operative in this Federal action pertain to the dismissal

of the serious allegations pled sufficiently regarding the deprivation of

Constitutional rights that Terrie Sizemore contends resulted in flawed decisions in

this District Courts resulting in damages the law provides remedy for pursuant to

42 USC 1981, 1982, 1983, 1985, 1986, and 1988. As Terrie Sizemore understands,

these laws permit remedy for the deprivation of Federally protected rights and

attachment of private parties to the actions of State actors depriving the rights.

Due to space limitations in this filing, Plaintiff has pled headnote references in

authorities above and referenced the entire record in this District Court action.

Terrie Sizemore is a registered nurse and a veterinarian. She is

knowledgeable about medical matters and required to have pertinent knowledge

when she accepts employment as a registered nurse and veterinarian. She takes

care of people who do not know how to take care of herself and when employed by

hospitals and other medical facilities, she is expected to be competent, have the

knowledge required to do her job, and apply her knowledge to perform her duties

and teach her patients technical medical information in an understandable manner.

All she has expected is that the parties trained in the law, follow the law. She is

appalled at the appearance of disregard for her serious issues because she is pro se.

She feels she represents herself and her interests more zealously than any attorney

she has attempted to hire. No reasonable mind would conclude she has not 'gotten

anything right' while litigating in Ohio Courts, yet all her serious concerns are

ignored and she is placed in harms way as Ohio Courts have continued to dismiss

her. The Courts have ignored too much and denied rights she has. Tax payer-can

leave gift at door and not be invited in.

## RELIEF SOUGHT

Plaintiff, Terrie Sizemore, requests this District Court grant her request for

relief of the Judgment Entry dismissing her Federal action, return all matters to the

Court for proceedings on the merits, permit the discovery she is entitled to, and

grant her the access to Court, jury trial, etc, she is entitled to by law and

Constitutional right. Plaintiff understands all Judges take oaths to uphold the

Constitution and she has not requested 'special' treatment, just fair treatment.

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126
sizemore3630@aol.com

## CERTIFICATE OF SERVICE

A true and accurate copy of this foregoing "PLAINTIFF'S MOTION

FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULES

OF CIVIL PROCEDURE 60(b)" has been served, on the day in January,

2014 when the Court emailed the efiling of this document upon the

following:

      Mr. William Cole
      Ohio Assistant Attorney General
      30 East Broad Street 26th Floor
      Columbus, Ohio 43215
      Attorney for the Defendants

      Mr. David Kessler (0041982)
      C/o 300 Wilson Bridge Rd, Suite 100
      Worthington, Ohio 43085
      Attorney for Defendant Marc Myers

_____
Dr. Terrie Sizemore RN DVM
Pro Se